IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CONTINUUMCARE PHARMACY, LLC

    Plaintiff,

v.                        CIVIL ACTION NO. 1:16-11648

MAPLES HEALTH CARE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This dispute centers on whether a nursing home facility, Maples Health Care, failed to pay for goods and services owed to ContinuumCare Pharmacy, and improperly terminated their contract by establishing a relationship with another pharmaceutical provider.

ContinuumCare sued Maples on December 2, 2016.  See Complaint.  The scheduling order entered by the court set an April 13, 2017 deadline for the amendment of pleadings without a showing of good cause.  ECF No. 19.  On December 1, 2017, plaintiff filed the instant motion to file its First Amended Complaint.  ECF No. 52.  For good cause shown, plaintiff's motion to amend is **GRANTED**.

### I. SUBSTANCE OF THE AMENDMENT

ContinuumCare's Amended Complaint provides the court with greater background into the thirteen-year contractual history

between plaintiff and defendant.  In its original Complaint, ContinuumCare only referenced an agreement made "[e]ffective November 1, 2014" ("2014 Agreement").  See Complaint at ¶ 7.  The Amended Complaint depicts a relationship beginning in April 2004 ("2004 Agreement").  This agreement was supplanted by another agreement in September 2009 and later amended in 2013 ("2009 Agreement").  Finally, the parties entered into the 2014 Agreement.  See Amended Complaint at ¶¶ 7-11.  Plaintiff's amendment relies on no new legal theories and creates no new causes of action.  See generally, id.

ContinuumCare asserts that it originally did not find it necessary to include these earlier agreements because "the vast majority of the debt . . . stemmed from invoices issued after the 2014 Agreement became effective."  Plaintiff's Memorandum in Support of Motion to Amend at 4 (ECF No. 53) (emphasis added).

Since the Complaint's filing, however, Maples has alleged that after the 2014 Agreement went into effect, it actually made payments in excess of the amount owed to ContinuumCare.  Furthermore, Maples has affirmatively defended itself based on earlier agreements with ContinuumCare.  Specifically, Maples claims in its:

(1)  Initial Disclosures: that the 2009 Agreement would be in support of its claims or defenses.  See ECF No. 53-4 at ¶ 2(a).

2

(2) <u>Discovery Requests</u>: requesting information from 2012 through the present, earlier than the 2014 Agreement. See ECF No. 53-5.

(3) <u>Mediation before Magistrate Judge Dwane L. Tinsley</u>: Maples alleged that "it did not breach the 2014 Agreement . . . because it had in fact paid more than the amount of such invoices during the term of the 2014 Agreement, and [plaintiff's] Complaint failed to mention the 2009 Agreement." ECF No. 53 at 5.

ContinuumCare alleges that many of these payments, however, "were directed toward invoices issued prior to the effective date of the 2014 Agreement" and were owed under open invoices for goods and services provided by ContinuumCare during the 2004 and 2009 Agreements. ECF No. 53 at 3. As a result, ContinuumCare states that an expounded contractual history is necessary to overcome Maples' defenses and illustrate that Maples continues to owe ContinuumCare.

Finally, ContinuumCare states that amending the complaint will halt Maples' present attempt to limit the scope of a deposition. In preparation for a (still pending) deposition of a Maples' corporate representative, defendant's counsel requested that plaintiff "agree to limit the scope of that deposition to matters that are relevant to the 2014 [A]greement." See Parties' Email Correspondence (ECF No. 53-6). Plaintiff refused this limitation, stating that the action covers the parties' entire contractual relationship. Id. Maples responded by filing a (still pending) "Motion of

Defendant to Limit Discovery," asking the court "to limit discovery in this action to matters that are relevant to the" 2014 Agreement.  See ECF No. 50.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Rule 15(a)(1) provides a plaintiff with an opportunity to amend his or her complaint once as a matter of course, subject to certain time limitations.  Rule 15(a)(2), on the other hand, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

As the Fourth Circuit has explained, "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).  "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."  Id. at 427 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)).  Granting leave to amend a complaint is futile when the proposed amendment is

4

"clearly insufficient or frivolous on its face." Oroweat Foods Co., 785 F.2d at 510.

However, "after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16(b) of the Federal Rules of Civil Procedure] must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). As the Fourth Circuit has noted, there is a "tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b)" because, on the one hand, leave to amend is to be freely given, but, on the other hand, a movant must show good cause for seeking amendment. Id. Under the good cause standard, a party must show "that scheduling deadlines cannot be met despite [its] diligent efforts." Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997) aff'd by unpublished opinion, 129 F.3d 116, 1997 WL 702267 (4th Cir. 1997) (quoting authority).

## III. DISCUSSION

Having considered the "nature of the amendment and its timing," Laber, 438 F.3d at 427, the court finds that there exists good cause to allow plaintiff to explain fully the contractual relationship between ContinuumCare and Maples. First, Maples is not prejudiced by the introduction of the 2004 and 2009 Agreements. Maples was a party to the 2004 and 2009

5

Agreements and is in no way blindsided by their content. Even more, Maples, not ContinuumCare, opened the door to the relevancy of these agreements by requesting discovery prior to the 2014 Agreement. See ECF No. 53-5. Thus, defendant's actions made it necessary to expound upon pre-2014 contracts made by the parties. See ECF No. 53-4 at ¶ 2(a). The additional factual background, known and relied upon by Maples as a defense, places no additional burden upon Maples. Laber, 438 F.3d at 427.

The timing of plaintiff's amendment is appropriate. Findings of prejudice occur when "the amendment is offered shortly before or during trial," Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir.1986), but here, the plaintiff moved to amend more than six months before trial. During this time, the parties can conduct further discovery, if needed, with permission from the court. United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 889 F.2d 1248, 1255 (2d Cir.1989) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of the motion to amend a pleading."). Instead, this amendment will provide clarity regarding the scope of discovery moving forward, especially in light of Maples' motion "to limit discovery in this action to matters that are relevant to the" 2014 Agreement. See ECF No. 50.

Plaintiff's amendment is neither grounded in bad faith nor futile.  Id.  Plaintiff did not find it necessary to introduce and complicate this matter with past contracts between the parties until after Maples began requesting discovery and relying upon pre-2014 contracts as a defense to liability.  See ECF No. 53-5.

Even though plaintiff submitted its proposed Amended Complaint after the scheduling order's deadline, the amendment is appropriate because plaintiff meets the heightened good cause standard required by Rule 16(b).  Again, plaintiff originally found it unnecessary to explain the depths of the contractual relations between it and Maples.  Once defendant allegedly attempted to subvert payments due under pre-2014 agreements as payments under the 2014 Agreement, it then became necessary for a greater contractual record to be provided to the court.  This, in the court's view, constitutes good cause for failing to comply with the court's scheduling order.  As a result, plaintiff's motion to amend should be granted in the interest of justice.

## IV. CONCLUSION

For the reasons above, the plaintiff's Motion for Leave to File First Amended Complaint, (ECF No. 52), is **GRANTED.**  The Clerk is **DIRECTED** to file the proposed First Amended Complaint (ECF No. 53-1).

7

The Clerk is also **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 19th day of December, 2017.

Enter:

David A. Faber
Senior United States District Judge